**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HEALTHY AND NATURAL TRADING LLC; MARCELO SALLES PEREIRA DE LUCENA, Principal Beneficiary, | No.    15-55030<br><br>D.C. No. 2:14-cv-02332-PA-E |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM[*] |
| U.S. DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; CALIFORNIA SERVICE CENTER; VERMONT SERVICE CENTER; JEH CHARLES JOHNSON, in his official capacity as Secretary of the United States Department of Homeland Security; LEON RODRIGUEZ, Director of the U.S. Citizenship and Immigration Services - Substituted for Alejando Mayorkas; KATHY BARAN, in her official capacity as Director of the California Service Center; CARRIE SELBY, Acting Director of the Vermont Service Center - Substituted for Daniel Renaud, | |
| Defendants-Appellees. | |

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 9, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

Healthy and Natural LLC (Healthy) and Marcelo Salles Pereira de Lucena (Lucena), appeal a district court decision granting summary judgment in favor of the United States Citizenship and Immigration Service (USCIS). USCIS denied Healthy and Lucena's petition to extend Lucena's nonimmigrant L-1A visa for failure to establish Lucena as a qualifying executive or manager under 8 U.S.C. § 1101(a)(15)(L) and 8 U.S.C. § 1101(44)(A)-(B). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** The district court did not err in affirming the USCIS's determination that Lucena was not primarily employed in an executive or a managerial capacity. *See Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063, 1067 (9th Cir. 2008) (reviewing under the Administrative Procedures Act). Healthy submitted vague, conclusory job descriptions that lacked specificity, failed to clarify Lucena's

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

day-to-day non-supervisory duties, and merely recited the elements of the regulatory definition of "executive." *See id.* at 1070 (requiring "documents submitted to the agency [to] describe with particularity" the duties of the employee).

**2.** USCIS was not bound by its decision granting Healthy's initial L-1A petition. *See id.* at 1066-67, 1071 (affirming the denial of a second petition despite approval of an initial petition). An L-1A petitioner applying for an extension must reestablish eligibility under the applicable statute and regulations. *See* 8 C.F.R. § 214.2(l)(7)(i)(A)(2),(3); *see also Brazil Quality*, 531 F.3d at 1066-67.

**3.** USCIS properly considered the size of Healthy's organization. *See Brazil Quality*, 531 F.3d at 1070 (holding that although "an organization's small size, standing alone, cannot support a finding that its employee is not acting in a managerial capacity, . . . size is nevertheless a relevant factor in assessing whether an organization's operations are substantial enough to support a manager") (citation, alteration, and internal quotation marks omitted).

**4.** We decline to address the challenge to the evidentiary standard applied by USCIS because that issue was not sufficiently raised in the district court. *See United States v. Williams*, 846 F.3d 303, 311 (9th Cir. 2016).

**AFFIRMED.**